QUESTION: Does Ch. 320, F.S., as amended by Chs. 74-68 and 74169, Laws of Florida, require that recreational vehicle dealers satisfy the bonding requirements therein prescribed?
SUMMARY: Recreational vehicle dealers are not required to satisfy bonding requirements prescribed in Ch. 320, F.S., as amended by Chs. 74-68 and 74-169, Laws of Florida. As amended by Ch. 74-68, Laws of Florida, s. 320.855, F.S. (1974 Supp.), requires that manufacturers of mobile homes and recreational vehicles provide "requirement of assurance" as a prerequisite to issuance of a license to engage in business within this state. The distinction between a "manufacturer" and a "dealer" is clearly drawn in the definitions provided at s. 320.85, F.S. While s. 320.855 directs the posting of what is in effect a bond, that statutory provision requires such of ". . . the applicant or licensee. . . ." (Emphasis supplied.) By reference to the definitions at s. 320.85(2), a "licensee" is "any person licensed or required to be licensed under s. 320.851." Reference to s. 320.851 indicates that a license is required of mobile home and recreational vehicle manufacturers, with no mention made of dealers. As such, it is my opinion that recreational vehicle dealers are not required to post bond under Ch. 74-68, as that enactment is embodied in Ch. 320, F.S. Chapter 320, F.S., was further amended during the 1974 Session of the Legislature by HB 3499 (Ch. 74-169, Laws of Florida). This enactment amends s. 320.77, F.S., entitled "[l]icense required of mobile home dealers," by revision of s. 320.77(11) to require that a mobile home dealer provide, as a prerequisite to issuance of a license, surety bond in the amount of $25,000 (four or fewer supplemental licenses) or $50,000 (more than four supplemental licenses). Again, as pointed out in prior discussion, there is no mention made of recreational vehicle dealers, nor is the definition of mobile home dealers [s. 320.77(1)(b)] amended to include recreational vehicle dealers as a subordinate category within the meaning of that term. I am therefore of the opinion that recreational vehicle dealers are not required to post a surety bond under Ch. 74-169, as that enactment is embodied in Ch. 320. I would surmise that a problem of interpretation, which precipitates the present inquiry, arises from reading s. 320.85(3), F.S., [Ch. 74-68, Laws of Florida], which states that "`[m]obile home and recreational vehicle dealer' includes mobile home dealer as defined in s. 320.77 and means any person engaged in the business of buying, selling, or dealing in mobile homes or recreational vehicles. . . ." (Emphasis supplied.) While the functions performed by a mobile home and recreational vehicle dealer may be quite similar, the product is clearly distinguishable, as has been recognized throughout Ch. 320, F.S., with reference to licensing of the various classes of vehicles [ss. 320.01(1)(b) and (2), general definitions; 320.08(8)(d) and (e), license taxes; and 320.0815, mobile home and recreational vehicles required to have either "MH," "RP," or "RV" tag attached]. Reference to s. 320.77 at s. 320.85(3), does not, however, amend s. 320.77 by virtue of that reference. Additionally, the statement of legislative intent incorporated in both Chs. 74-68 and 74-169, Laws of Florida, indicates that the purpose of the legislation is to "improve the general welfare and safety of mobile home residents in this state. . . ." No mention is made of recreational vehicles in the statements of purpose at s. 320.834, F.S.